# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                        SUFFOLK SUPERIOR COURT
                                    Civil Action No.: *1984CV1537D*

CATHERINE HARRIS,                   )
AS PERSONAL REPRESENTATIVE          )
OF LARUSSIA Y. HARRIS,              )
        Plaintiff,                  )
                                    )        **COMPLAINT AND**
v.                                  )        **DEMAND FOR JURY**
                                    )        **TRIAL**  ~~RECEIVED~~
CITY OF BOSTON, TUFTS MEDICAL       )
CENTER, AND MATTHEW MOSTIFI, D.O.,  )              MAY 1 4 2019
        Defendants.                 )
                                             SUPERIOR COURT-CIVIL
                                             MICHAEL JOSEPH DONOVAN
                                             CLERK/MAGISTRATE

### PARTIES

1.   The Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y.
     Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court,
     on February 8, 2018, and is the parent of the deceased.

2.   The City of Boston ("City"), is a municipal corporation in charge of operating the Boston
     Police Department.

3.   The Defendant, Matthew Mostofi, D.O. ("Mostofi"), was at all times relevant to this
     Complaint a physician licensed to practice his profession in the Commonwealth of
     Massachusetts and who practiced at Tufts Medical Center which has a principal place of
     business at 800 Washington Street, Boston, Suffolk County, in the Commonwealth of
     Massachusetts.

4.   The Defendant, Tufts Medical Center ("Tufts"), is a Massachusetts corporation duly existing
     under the laws of the Commonwealth of Massachusetts, with a principal place of business
     located at 800 Washington Street, Boston, Suffolk County, in the Commonwealth of
     Massachusetts.

### COUNT ONE

5.   The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs
     1 through 4 of this Complaint as if each were set forth herein in their entirety.

6.   On or about May 14, 2016, the City, acting through its agents, servants, and employees,
     who were acting within the scope of their employment, caused the arrest and
     imprisonment of Larussia Y. Harris.

7.   On or about May 16, 2016, while in the care, custody, and control of the City's agents, servants, and employees, Larussia Y. Harris, suffered severe medical complications and died.

8.   The City, acting through its agents, servants, and employees, who were acting within the scope of their employment:

   a.   Failed to properly hire, train, and supervise those members of the Boston Police Department who were in any way involved in the arrest and incarceration of Larussia Y. Harris;

   b.   Failed to properly supervise, control, or house Larussia Y. Harris while under their care, custody, and control;

   c.   Failed to properly monitor Larussia Y. Harris' medical condition, activities and movements while under their care, custody and control;

   d.   Failed to provide Larussia Y. Harris with safekeeping, care, protection and proper medical treatment while under their care and custody;

   e.   Failed to follow normal and accepted police practices and procedures; and

   f.   Were otherwise negligent in the care, custody, and control of Larussia Y. Harris.

9.   As a result thereof, Larussia Y. Harris, suffered great pain of body and anguish of mind for a period of time, and incurred expenses for medical care and attendance, and thereafter died.

10.  On May 10, 2018, in accordance with M.G.L. c. 258 § 4, the Plaintiff notified the City of the incident described above.  The Plaintiff did not receive a denial of the claim in writing within six months following the date upon which it was presented to the City.

11.  This count is for conscious suffering and is brought for the benefit of the Estate of Larussia Y. Harris.

   **WHEREFORE**, the Plaintiff demands judgment against the City for damages plus interest, costs and expenses.

## COUNT TWO

12.  The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 11 of this Complaint as if each were set forth herein in their entirety.

13.  This count is for death brought by the executor for the use of next of kin of Larussia Harris.

2

**WHEREFORE**, the Plaintiff demands judgment against the City for damages plus interest, costs and expenses.

## COUNT THREE

14. The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 13 of this Complaint as if each were set forth herein in their entirety.

15. Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

16. The Defendant, Mostofi, was at all times relevant to this Complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts with a principal place of business at 800 Washington Street, Boston, Massachusetts.

17. The material facts and events that pertain to the claims and assertions set forth in this Complaint took place in Suffolk County, the Commonwealth of Massachusetts.

18. This action is brought to recover for the wrongful death of Larussia Harris on May 14, 2016 and for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq., and for the personal and the emotional injuries that the Decedent suffered prior to her death, as a direct and proximate result of the facts and events described herein.

19. At all times relevant to this complaint, the defendant, Mostofi, represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition during the relevant time period.

20. Prior to her death on May 14, 2016, the plaintiff's decedent's submitted herself to the care and treatment of the defendant, Mostofi, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent enduring conscious pain and suffering, and her premature and preventable death on May 14, 2016.

21. The death of Plaintiff's decedent and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Mostofi, including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition at all relevant times including the date of her death on May 14, 2016;
    b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition at all relevant times including the date of her death on May 14, 2016, and his failure to prescribe proper and timely treatment for said condition;

3

   c.   Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d.   Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   e.   Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

     **WHEREFORE**, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

**COUNT FOUR**

22.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 21 of this Complaint as if each were set forth herein in their entirety.

23.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

24.    This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

25.    As the direct and proximate result of the carelessness and negligence of the defendant, Mostofi, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

     **WHEREFORE**, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

**COUNT FIVE**

26.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 25 of this Complaint as if each were set forth herein in their entirety.

27.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

28.    The defendant, Mostofi, was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

29.   The material facts and events that pertain to the claims and assertions set forth in this Complaint took place in Suffolk County, the Commonwealth of Massachusetts.

30.   This action is brought to recover for the wrongful death of Plaintiff's decedent for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

31.   At all times relevant to this complaint, the defendant, Mostofi, represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff's decedent's that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's at all relevant times up to and including the decedent's date of death on May 14, 2016.

32.   At all relevant rimes to this complaint, the Plaintiff's decedent submitted herself to the care and treatment of the defendant, Mostofi, who negligently, carelessly, and without regard for the Plaintiff's health and well-being, treated the Plaintiff's decedent in a manner resulting in the Plaintiff's decedent's death on May 14, 2016.

33.   The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Mostofi, or by the gross negligence of the defendant at all relevant times including the date of her death on May 14, 2016.

**WHEREFORE,** the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT SIX

34.   The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 33 of this Complaint as if each were set forth herein in their entirety.

35.   Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

36.   The defendant, Mostofi, was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

37.   This action is brought to recover for the conscious pain and suffering of the decedent, Plaintiff's decedent.

38.   As the direct and proximate result of the carelessness and negligence of the defendant, Mostofi, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

**WHEREFORE,** the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT SEVEN

39.     The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 38 of this Complaint as if each were set forth herein in their entirety.

40.     Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

41.     The defendant, Mostofi, was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

42.     At all relevant times up to and including the date of the decedent's death on May 14, 2016, the defendant, Mostofi, contracted with the plaintiff' decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

43.     The defendant, Mostofi, expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty.

44.     At all relevant times up to and including the date of the decedent's death on May 14, 2016, the defendant, Mostofi, breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Plaintiff's decedent.

45.     The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Mostofi's breach of express and implied warranties.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT EIGHT

46.     The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 45 of this Complaint as if each were set forth herein in their entirety.

47.     Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

48. The defendant, Mostofi, was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

49. This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

50. As the direct and proximate result of the carelessness and negligence of the defendant, Mostofi, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT NINE

51. The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 50 of this Complaint as if each were set forth herein in their entirety.

52. At all relevant times up to and including the date of the decedent's death on May 14, 2016, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

53. At all relevant times up to and including the date of the decedent's death on May 14, 2016, the defendant, Mostofi, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

54. At all relevant times up to and including the date of the decedent's death on May 14, 2016, the defendant, Mostofi, did not inform the plaintiff's decedent's of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

55. If the defendant, Mostofi, had informed the plaintiff's decedent's of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in their position would have elected the defendant's choice of treatment.

56. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to have the plaintiff's decedent undergo the defendant's choice of treatment.

57. The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Mostofi's failure to obtain the informed consent of the plaintiff's decedent.

7

WHEREFORE, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT TEN

58.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 57 of this Complaint as if each were set forth herein in their entirety.

59.    This action is brought to recover for the conscious pain and suffering of the decedent, Plaintiff's decedent.

60.    As the direct and proximate result of the defendant, Mostofi's failure to inform the plaintiff's decedent's of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the Plaintiff demands judgment against Defendant Mostofi for damages plus interest, costs and expenses.

## COUNT ELEVEN

61.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 60 of this Complaint as if each were set forth herein in their entirety.

62.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

63.    The defendant, Tufts, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 800 Washington Street, Boston, Massachusetts.

64.    The material facts and events that pertain to the claims and assertions set forth in this complaint took place in Suffolk County, the Commonwealth of Massachusetts.

65.    This action is brought to recover for the wrongful death of Plaintiff's decedent for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq., suffered as a direct and proximate result of the facts and events described herein.

66.    At all times relevant to this complaint, the defendant, Tufts, by its agents, servants, or employees, represented and held itself out to be a medical entity, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent's that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition at all relevant times including the date of her death on May 14, 2016.

8

67.    At all relevant times including the date of her death on May 14, 2016, the plaintiff's decedent's submitted herself to the care and treatment of the defendant, Tufts in Boston, Massachusetts, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiffs' decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on May 14, 2016.

68.    The death of Plaintiff's decedent and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Tufts in Winchester, Massachusetts, by its agents, servants, or employees, including, but not limited to the following:

    a.   Defendant's misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition at all relevant times including the date of her death on May 14, 2016;

    b.   Defendant's failure to adequately and properly diagnose the plaintiff's decedent's and medical condition at all relevant times including the date of her death on May 14, 2016, and its failure to prescribe proper and timely treatment for said condition;

    c.   Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

    d.   Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

    e.   Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition; and

    f.   Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT TWELVE

69.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 68 of this Complaint as if each were set forth herein in their entirety.

70.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

71.    This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

72.     As the direct and proximate result of the carelessness and negligence of the defendant, Tufts of Boston, Massachusetts, by its agents, servants, or employees, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

        **WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

                                    <u>COUNT THIRTEEN</u>

73.     The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 72 of this Complaint as if each were set forth herein in their entirety.

74.     Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

75.     The defendant, Tufts of Boston, Massachusetts, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 800 Washington Street, Boston, Massachusetts.

76.     The material facts and events that pertain to the claims and assertions set forth in this Complaint took place in Suffolk County, the Commonwealth of Massachusetts.

77.     This action is brought to recover for the wrongful death of Plaintiff's decedent for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

78.     At all times relevant to this complaint, the defendant, Tufts of Boston, Massachusetts, by its agents, servants, or employees, represented and held itself out to be a medical entity, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition at all relevant times including the date of her death on May 14, 2016.

79.     At all relevant times including the date of her death on May 14, 2016, the plaintiff's decedent's submitted herself to the care and treatment of the defendant, Tufts of Boston, Massachusetts, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on May 14, 2016.

80.     The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tufts of Boston, Massachusetts, by its agents, servants, or employees, or by the gross negligence of the defendant at all relevant times including the date of her death on May 14, 2016.

WHEREFORE, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT FOURTEEN

81.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 80 of this Complaint as if each were set forth herein in their entirety.

82.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

83.    This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

84.    As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tufts, by its agents, servants, or employees, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT FIFTEEN

85.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 84 of this Complaint as if each were set forth herein in their entirety.

86.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

87.    At all relevant times including the date of her death on May 14, 2016, the defendant, Tufts, by its agents, servants, or employees, contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

88.    The defendant, Tufts, by its agents, servants, or employees, expressly and impliedly warranted to the plaintiff's decedent's that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

89.    At all relevant times including the date of her death on May 14, 2016, the defendant, Tufts, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care

11

possessed and exercised by the average qualified members of the medical profession practicing its specialty, which breach resulted in the death of Plaintiff's decedent.

90.    The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Tufts's breach of express and implied warranties.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT SIXTEEN

91.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 90 of this Complaint as if each were set forth herein in their entirety.

92.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

93.    This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

94.    As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tufts, by its agents, servants, or employees, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT SEVENTEEN

95.    The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 94 of this Complaint as if each were set forth herein in their entirety.

96.    Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

97.    At all relevant times including the date of her death on May 14, 2016, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

98.    At all relevant times including the date of her death on May 14, 2016, the defendant, Tufts, by its agents, servants, or employees, knew or should have known of the risks, potential

consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

99.   At all relevant times including the date of her death on May 14, 2016, the defendant, Tufts, by its agents, servants, or employees, did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiffs' decedent.

100.   If the defendant, Tufts, by its agents, servants, or employees, had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in their position would have elected the defendant's choice of treatment.

101.   The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in their position as to whether to have the plaintiff's decedent undergo the defendant's choice of treatment.

102.   The death of Plaintiff's decedent and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Tufts, by its agents', servants', or employees' failure to obtain the informed consent of the plaintiff's decedent.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

## COUNT EIGHTEEN

103.   The Plaintiff repeats and reavers fully herein the facts and allegations set forth in Paragraphs 1 through 102 of this Complaint as if each were set forth herein in their entirety.

104.   Plaintiff, Catherine Harris, is the Personal Representative of the Estate of Larussia Y. Harris, deceased, having been duly appointed by the Suffolk Probate and Family Court, on February 8, 2018, and is the parent of the deceased.

105.   This action is brought to recover for the conscious pain and suffering of the Plaintiff's decedent.

106.   As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tufts, by its agents, servants, or employees, the decedent, Plaintiff's decedent, was caused to suffer consciously up to and until her time of death.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Tufts for damages plus interest, costs and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted,
The Plaintiff,
By her Attorneys,

Richard M. Welsh, Jr., Esq., BBO # 552732
Christopher W. Kita, Esq., BBO # 272480
**Law Office of Howard M. Kahalas, P.C.**
6 Beacon Street, Suite 1020
Boston, MA 02108
(617) 523-1155

Damon M. Seligson (BBO #632763)
DINICOLA, SELIGSON & UPTON, LLP
6 Beacon Street, Suite 700
Boston, MA 02108
(617) 279-2592

Dated:  May 14, 2019